

FILED
DEC - 4 2015
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| KEN ROBERTS, | ) |
| Plaintiff, | ) |
| v. | ) Case Number: 3:15CV00739 |
| IMMIGRATION CENTER OF AMERICA, LLC, *et al.*, | ) |
| Defendants. | ) |

## DEFENDANT IMMIGRATION CENTER OF AMERICA, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO FILE UNDER SEAL FINANCIAL INTEREST DISCLOSURE

Pursuant to Eastern District of Virginia Local Rules 5(C) and 5(D), Defendant Immigration Center of America, LLC ("ICA") respectfully moves the Court to file under seal its Financial Interest Disclosure.

### I. BACKGROUND

ICA is a closely held entity owned by eight members. The identities of these members are not publicly-available and, for a variety of good reasons, the members do not wish to have their identities disclosed publicly. Solely to assist the Court in determining conflicts of interest, E.D. Va. Loc. R. 7.1(A)(1)(b) requires the disclosure of "owners . . . of non-publicly traded entities such as LLCs or other closely held entities." To satisfy Local Rule 7.1 without publicly disclosing this information, ICA moves the Court to seal this portion of its Financial Disclosure.

### II. APPLICABLE LEGAL STANDARDS

Ordinarily, records of judicial proceedings are publicly available. *Columbus-Am. Discovery Grp. v. Atlantic Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir. 2000) ("Publicity of [court] . . . records . . . is necessary in the long run so that the public can judge the product of the courts

in a given case."). The Court's authority to seal court documents, however, is well-established in the Fourth Circuit. *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). In deciding whether to grant a request to seal documents submitted to the Court, the Court considers whether "the public's right of access is outweighed by competing interests." *Id.* This analysis typically involves a three-part procedure: (1) the court must provide public notice of the request to seal and allow interested parties a reasonable opportunity to object; (2) the court must consider less drastic alternatives to sealing the documents; and (3) the court must articulate specific reasons and factual findings supporting its decision to seal. *Ashcraft*, 218 F.3d at 302.

## III. ARGUMENT

The applicable factors justify sealing ICA's Financial Interest Disclosure. As a private, closely-held LLC, there is no general requirement that its members be publicly identified. Rule 7.1 is not intended as a discovery mechanism or a public disclosure mechanism, but is intended solely to aid the Court in determining conflicts of interest. *Plotzker v. Lamberth*, No. 3:08cv27, 2008 U.S. Dist. LEXIS 86198, at *35-36 (W.D. Va. Oct. 22, 2008) (citing Fed. R. Civ. P. 7.1(a)(1)) ("Corporate disclosure statements are required to contain limited information, and are not meant to be used as discovery tools."). In other words, there is no legitimate public interest in knowing the contents of a Rule 7.1 disclosure. Indeed, Rule 7.1 does not require that financial disclosures be served on opposing parties. *Id.* ("Because corporate disclosure forms are intended to be used by judges in determining whether disqualification is necessary, they are not required to be served on other parties."). It stands to reason that if opposing litigants are not even entitled to such information, the public's right to the information is nonexistent or *de minimis*. To allow the Court to consider any conflicts that might arise based on the composition of ICA's membership without harming the interests of ICA or its members, its Financial Interest Disclosure should be filed under seal. *See Health Diagnostic Laboratory, Inc. v. Boston Heart*

2

*Diagnostics Corporation*, No. 3:14cv796-HEH, ECF No. 12 (E.D. Va. Dec. 11, 2014), attached as Exhibit A.

The public will be given adequate notice of this request by virtue of the Clerk docketing the Motion in the public record. Assuming that no member of the public objects between now and the Court's ruling on the Motion, then adequate time for objection will have been afforded. *See In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984) ("[R]equir[ing] that closure motions be docketed reasonably in advance of their disposition [] give[s] the public and press an opportunity to intervene and present their objections to the court").

Finally, in accordance with the strictures of E.D. Va. Loc. R. 5(C), ICA has submitted a Proposed Order that sets forth the required standards and findings to satisfy the third prong of the analysis. The Court satisfies the third prong of the analysis by its entry of that Proposed Order.

## IV. CONCLUSION

For the foregoing reasons, Immigration Center of America, LLC respectfully requests that the Court grant its Motion to File Under Seal its Financial Interest Disclosure.

Respectfully submitted,

/s/ Edward E. Bagnell, Jr.

Edward E. Bagnell, Jr. (VSB No. 74647)
ebagnell@spottsfain.com
John M. Erbach (VSB No. 76695)
jerbach@spottsfain.com
Spotts Fain, P.C.
411 East Franklin Street, Suite 600
Richmond, VA 23219
(804) 697-2044 (phone)
(804) 697-2144 (fax)

*Counsel for Defendant Immigration Center of America, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 4th day of December, 2015, pursuant to Fed. R. Civ. P. 5(b)(2)(C), I have served a copy of the foregoing by U.S. Mail on the following:

Ken Roberts
#A018811318
P.O. Box N
Farmville, VA 23901

Ken Roberts
#A018811318
9320 Merrimac Trail
Williamsburg, VA 23185

John M. Erbach (VSB No. 76695)
jerbach@spottsfain.com
Spotts Fain, P.C.
411 East Franklin Street, Suite 600
Richmond, VA 23219
(804) 697-2044 (phone)
(804) 697-2144 (fax)