# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| HEALTH DIAGNOSTIC DIAGNOSTIC LABORATORY, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 3:14CV796-HEH ) |
| BOSTON HEART DIAGNOSTICS CORPORATION, | ) ) ) ) |
| Defendant. | ) |

## MEMORANDUM ORDER
(Granting Plaintiff's Motion to Seal)

THIS MATTER is before the Court on Plaintiff Health Diagnostic Laboratory, Inc.'s ("Plaintiff") Motion to File Under Seal Exhibit A to its Financial Interest Disclosure (ECF No. 8). Plaintiff is a private, closely-held corporation with undisclosed shareholders. Because Exhibit A contains the identities of Plaintiff's shareholders, Plaintiff asks that the Court file the Exhibitt under seal. For the reasons that follow, the Court GRANTS the Motion to Seal.

"Publicity of [court] . . . records . . . is necessary in the long run so that the public can judge the product of the courts in a given case." *Columbus-Am. Discovery Grp. v. Atlantic Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir. 2000). Although the Court's authority to seal court documents is well-established in the Fourth Circuit, the Court may do so only "if the public's right of access is outweighed by competing interests." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). "The common law presumes a right to inspect and copy judicial records and documents," and the denial of access is within the sound discretion of the court. *Stone v. Univ. of Md. Medical Sys. Corp.*, 855 F2d 178, 180 (4th Cir. 1988). Likewise, the First Amendment guarantees access, but only "to particular judicial records and documents," *id.* at 180, including those filed in support of dispositive motions in civil cases. *Rushford v. New Yorker Magazine,*

*Inc.*, 846 F.2d 249, 253 (4th Cir. 1988) (citing *Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1067-71 (3d Cir. 1984); *In re Continental Illinois Sec. Litig.*, 732 F.2d 1308, 1308 (7th Cir. 1984)).

To determine whether the interests in sealing records outweigh First Amendment considerations, a court must engage in a three-part a: (1) the court must provide public notice of the request to seal and allow interested parties a reasonable opportunity to object; (2) the court must consider less drastic alternatives to sealing the documents; and (3) the court must articulate specific reasons and factual findings supporting its decision to seal. *Ashcraft*, 218 F.3d at 302. As First Amendment standards afford greater substantive protection to the public's right to access, satisfying the First Amendment standards also necessarily satisfies the relevant common law standards.

The applicable standards justify sealing Exhibit A to HDL's Financial Interest Disclosure ("Exhibit A"). The public has received adequate notice of the request because the Clerk docketed the Motion in the public record on December 5, 2014. Moreover, no objection has been raised in the interim. *See In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984) ("[R]equir[ing] that closure motions be docketed reasonably in advance of their disposition [] give[s] the public and press an opportunity to intervene and present their objections to the court").

Additionally, there is no less drastic alternative to filing Exhibit A under seal. Simply stated, the Plaintiff's interest in preserving the confidentiality of these documents outweighs any public interest in their disclosure. Indeed, filing Exhibit A in the public record would require Plaintiff to publicly disclose the identities of its shareholders, which is private information not publicly available. Under Fed. R. Civ. P. 7.1 and E.D. Va. Loc. R. 7.1, the purpose of the disclosure is to assist the Court in making conflict of interest determinations, not to inform the

general public of privately held information. Thus, the public's interest in the information is *de minimis*, if any. Finally, the Court meets the third prong of Ashcroft's analysis by virtue of the findings delineated in this Order.

For these reasons, Plaintiff's Motion to File Under Seal Exhibit A is hereby GRANTED. The Clerk is DIRECTED to file Exhibit A UNDER SEAL. The Clerk is further DIRECTED to send a copy of this Memorandum Order to all counsel of record.

It is so ORDERED.

                                                                    /s/
                                        Henry E. Hudson
Date: Dec. 11, 2014             United States District Judge
Richmond, Virginia