

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KEN ROBERTS,

    Plaintiff,

v.                          Civil Action No. 3:15CV739

IMMIGRATION CENTER OF AMERICA, LLC, et al.,

    Defendants.

## MEMORANDUM OPINION

Ken Roberts, a federal detainee proceeding pro se, filed this action in the Circuit Court for Prince Edward County, Virginia. On December 4, 2015, Immigration Center of America, LLC, Jeffrey Crawford, Rebecca Jackson, Russell B. Harper, Ken Newsome, Warren Coleman, Robert Wooten, Mabel Logan, and Douglas Kingery (collectively, "Defendants") removed the action to this Court.[1] The matter is before the Court on Defendants' Motion to Dismiss. For the reasons that follow, the Motion to Dismiss will be granted.

## I. STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin,

---

[1] Roberts also named the Department of Homeland Security and Trinity Food Group, Inc. as defendants, but he does not appear to have properly served these entities.

980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is

"plausible on its face," rather than merely "conceivable." Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp., 550 U.S. at 556).  Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)).  Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

3

## II.   SUMMARY OF PERTINENT ALLEGATIONS AND CLAIMS

Roberts invokes the Court's jurisdiction under 42 U.S.C. § 1983.   (Compl. 4, ECF No. 1-1.)[2]   "Immigration Center of America [("ICA")] . . . operates a detention center for illegal immigrants in Farmville, Virginia, under a contract with the Border and Transportation Security division of the Department of Homeland Security, United States Immigration and Customs Enforcement."   (Compl. Fact. Alleg. ¶ 22.)   The remaining Defendants are either investors/owners of ICA or employees of ICA.   (Compl. 5.)

On May 27, 2015, Roberts was placed "in the custody of Immigration Center of America - Farmville by defendant, Department of Homeland Security, for intake and processing for immigration proceedings."   (Compl. Fact. Allegations ¶ 24.) Roberts remained at ICA Farmville until late November or early December of 2015, at which time he was transferred to a jail in Williamsburg.   (ECF No. 1, at 4.)

During his incarceration at ICA Farmville, Roberts asserts that Defendants violated his constitutional rights by, <u>inter alia</u>, failing to provide adequate toilet paper, (Compl. Fact. Alleg. ¶ 27) and failing to provide a diet that accommodated Roberts's religious beliefs, (<u>id.</u> ¶¶ 37-47).   Roberts also

---

[2] The Court employs the pagination assigned to this document by the Court's CM/ECF docketing system.   The Court corrects the capitalization in the quotations from Roberts's Complaint.

4

contends that Defendants' actions violated his rights under Religious Land Use and Institutionalized Persons Act ("RLUIPA") of 2000, 42 U.S.C. §§ 2000cc et seq.   (Id. ¶ 55.)   Roberts demands injunctive and declaratory relief and monetary damages. (Id. 10-12.)

### III.   ROBERTS'S RLUIPA CLAIM IS MOOT

RLUIPA provides, in pertinent part, that:

> "No **government** shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person—
> **(1)** is in furtherance of a compelling governmental interest; and
> **(2)** is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a) (emphasis added).   However, it is well settled that a plaintiff cannot pursue an action against another individual for monetary damages under RLUIPA.   See Rendelman v. Rouse, 569 F.3d 182, 189 (4th Cir. 2009); Raheem v. Miller, No. CIV-09-80-C, 2010 WL 2595112, at *12 (W.D. Okla. May 14, 2010). Furthermore, Roberts's claims for injunctive and declaratory relief are moot because Roberts is no longer incarcerated at ICA Farmville.   See Rendelman, 569 F.3d at 186 ("As a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." (citing Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007); Williams v. Griffin, 952 F.2d 820,

823 (4th Cir. 1991); Taylor v. Rogers, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986))). Accordingly, Roberts's RLUIPA claims will be dismissed.

### IV. NO CLAIM UNDER 42 U.S.C. § 1983 OR BIVENS[3]

Roberts seeks to sue Defendants under 42 U.S.C. § 1983. (Compl. 4.) That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983. Roberts fails to provide any factual allegations that plausibly suggest Defendants acted under color of state law. At best, Roberts alleges that Defendants were acting under some gloss of federal authority by virtue of their relationship with the Department of Homeland Security. See Chatman v. Hernandez, 805 F.2d 453, 455 (1st Cir. 1986) (citation omitted) (observing that "Section 1983 applies to persons acting 'under color of state law' and not to persons acting pursuant to federal law"). Accordingly, Roberts fails to state a claim under 42 U.S.C. § 1983.

---

[3] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

Furthermore, Roberts fails to state a claim under Bivens against ICA or the other Defendants. In Bivens, the Supreme Court held that:

> 'violation of [the Fourth Amendment] by a federal agent acting under color of his authority gives rise to a cause of action for damages,' despite the absence of any federal statute creating liability. 403 U.S. at 389. Carlson v. Green, 446 U.S. 14 (1980), extended Bivens to recognize an implied damages action against federal prison officials for violation of the Eighth Amendment.

Holly v. Scott, 434 F.3d 287, 289 (4th Cir. 2006) (alteration in original) (parallel citations omitted). Nevertheless, "[t]he Bivens cause of action is not amenable to casual extension. Indeed, quite the opposite is true." Id.[4] The Supreme Court has made it clear that "[t]he purpose of Bivens is to deter individual federal officers from committing constitutional violations." Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 70 (2001) (emphasis added). Indeed, the Fourth Circuit has expressed significant doubt as to whether it would ever be appropriate to expand Bivens to cover private individuals or entities. Holly, 434 F.3d at 291.

---

[4] Justice Scalia observed that "Bivens is a relic of the heady days in which this Court assumed common-law powers to create causes of action—decreeing them to be 'implied' by the mere existence of a statutory or constitutional prohibition." Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 75 (2001) (Scalia, J., concurring).

In this regard, the Supreme Court has emphasized the critical importance of the defendant's employment status in assessing the propriety of Bivens liability. See Minneci v. Pollard, 132 S. Ct. 617, 626 (2012). "The alleged actions of these defendants were not of a sufficiently federal character to create constitutional liability. Defendants are not federal officials, federal employees, or even independent contractors in the service of the federal government. Instead, they are employed by [or invested in, ICA], a private corporation." Holly, 434 F.3d at 292. The courts have refused to extend Bivens liability to individuals, like Defendants, who were employed by a private corporation that was paid to act as the plaintiff's jailor. Id.; see Minneci, 132 S. Ct. at 626 (refusing to extend Bivens liability to "privately employed personnel working at a privately operated federal prison").[5]

Furthermore, "the threat of suit against an individual's employer [is] not the kind of deterrence contemplated by Bivens." Corr. Servs. Corp., 534 U.S. at 70 (refusing to extend Bivens liability to a corporate defendant). Therefore,

---

[5] In considering whether to extend Bivens liability the courts also consider whether "state tort law remedies provide roughly similar incentives for potential defendants" to respect an individual's constitutional rights. Minneci, 132 S. Ct. at 625. Roberts fails to direct the Court to anything that suggests Virginia tort law fails to provide such adequate incentives. See Lewis v. Beach, No. 3:10CV731, 2012 WL 3069409, at *4 n.10 (E.D. Va. July 27, 2012).

"Plaintiff has no right of action under Bivens against a private entity, such as [ICA], even if the private entity engages in alleged constitutional violations while acting under color of federal law." James v. ServiceSource, Inc., 555 F. Supp. 2d 628, 639 (E.D. Va. 2008) (citing Corr. Servs. Corp., 534 U.S. at 70). Accordingly, as Roberts has failed to identify an appropriate procedural vehicle for advancing his constitutional claims against Defendants, his constitutional claims must be dismissed.

## V. CONCLUSION

The Motion to Dismiss (ECF No. 14) will be granted. Roberts's constitutional claims and his RLUIPA claims against Defendants will be dismissed. Defendants' Motion to Stay Discovery (ECF No. 16) will be denied as moot. Given Robert's failure to state a viable claim, his Motion for Class Certification (ECF No. 6) and Motion for the Appointment of Counsel (ECF No. 8) will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Roberts and counsel of record.

It is so ORDERED.

_____ /s/ _REP_

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: July 21, 2016

9